CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 5 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

DANNY BURTON WATKINS,      )    Civil Action No. 7:09-cv-00510
     Plaintiff,          )
                     )
v.                    )    <u>MEMORANDUM OPINION</u>
                     )
DR. HARVARD STEPHENS, <u>et al.</u>,   )    By: Hon. James C. Turk
     Defendants.        )    Senior United States District Judge

Plaintiff Danny Burton Watkins, a Virginia inmate proceeding <u>pro se</u>, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. §1343. Plaintiff complains that he is receiving ineffective medical treatment. After screening the complaint, the court dismisses the action without prejudice for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is a mandatory prerequisite to filing a civil action in federal court, <u>Anderson v. XYZ Correctional Health Services. Inc.</u>, 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life[,]" <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006). While failure to exhaust as required by § 1997e(a) is an affirmative defense, the court may raise the issue of exhaustion and, "in the rare case where failure to exhaust is apparent from the face of the complaint," may summarily dismiss a complaint on that ground.

Anderson, 407 F.3d at 682.

It is clear from the face of plaintiff's submissions that he did not complete the available administrative remedies procedures before filing the instant complaint. Plaintiff states in his complaint that he needs more time to file his grievances and exhaust his administrative remedies. Until plaintiff properly exhausts his administrative remedies, he has not given prison officials a fair opportunity to address his complaint, one of the primary justifications for the exhaustion requirement.

A plaintiff is not required to plead administrative exhaustion in the complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007). However, defendants will move for dismissal if he files his complaint before completing the exhaustion process, and the court must dismiss the suit. Therefore, it is in the interest of judicial economy (and in plaintiff's own best interest) for the court to summarily dismiss a civil action if it is clear from plaintiff's own submissions that he has not exhausted administrative remedies before filing this lawsuit. See Anderson, 407 F.3d at 682. Accordingly, the court dismisses the complaint without prejudice for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).[1]

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 5ᵗʰ day of January, 2010.

_____
Senior United States District Judge

---

[1]Plaintiff may refile his claims in a new civil action once he exhausts all administrative reviews in the proper order.